Matthew Kumin (State Bar No. 177561)
Kenneth Seligson (State Bar No. 326326)
Law Office of Matthew Kumin
1939 Harrison Street, Suite 307
Oakland, CA 94612
Tel. and Fax: (415) 655-7494
E-mail: matt@mattkuminlaw.com

Mark Rennie, (State Bar No. 62499)
870 Market Street, Suite 1260
San Francisco, CA  94102
Tel: (415) 981-4500
Fax: (415) 981-3334
Email: mark@markrennielaw.com

Attorneys for Plaintiffs,
San Francisco International Arts Festival
And Nkechi Nemeruwa

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SAN FRANCISCO INTERNATIONAL ARTS FESTIVAL, NKECHI EMERUWA<br><br>PLAINTIFFS,<br><br>v.<br><br><br>MAYOR LONDON BREED, in her official capacity, GOVERNOR GAVIN NEWSOM, in his official capacity,<br><br>DEFENDANTS | CASE:<br><br><br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
NO.
SFIAF ET AL. V. BREED ET AL.

## I. PARTIES TO THIS COMPLAINT

1. Plaintiff San Francisco International Arts Festival is a registered California non-profit Corporation with tax exempt status under both California and Federal tax laws. Its offices are located at 870 Market Street, Suite 1258, San Francisco, CA 94102.

2. Plaintiff NKECHI EMERUWA is an individual living in San Francisco and an artist scheduled to perform in the below-referenced Event.

3. Defendant LONDON BREED is the mayor of the City and County of San Francisco ("Mayor") and is sued in her official capacity.

4. GAVIN NEWSOM is the Governor of the State of California ("Governor") and is sued in his official capacity.

## II. BASIS FOR JURISDICTION

5. This matter arises under 28 U.S.C. section 1331, as it implicates a federal question of the constitutionality of the Defendants actions. Venue is appropriate in this District. The parties are all California entities or individuals residing in California and all acts occurred in this District. Plaintiffs seek only injunctive relief.

6. This action specifically arises under 42 U.S.C. section 1983, alleging violations of civil rights under color of law.

7. Declaratory Relief is authorized by 28 U.S.C. sections 2201 and 2202.

## III. FACTS

8. The Mayor of the City of San Francisco (Mayor) and the Governor of the State of California (CA) have recently updated their pandemic orders which now prohibit outdoor gatherings of more than 12 people in 3 family units.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
NO.
SFIAF ET AL. V. BREED ET AL.

2

9. Plaintiff, SFIAF, an arts festival, prior to this new order, received a permit from the City and County of San Francisco, on September 17, 2020, to hold an outdoor arts performance event for 49 people.  The Event planners carefully developed a public health plan, also meant to be a template for all future arts events taking place during the pandemic, which the City approved.  The plan took into account the Covid virus and includes social distancing and other public health and safety protocols, for this October 24 and 25, 2020 Event.

10. However, the Mayor determined that the City would follow the Governor's newest, more stringent guidelines and subsequent to granting Plaintiff its permit for its 49 person, outdoor event, revoked that permit, citing its obligation to abide by the more stringent State guidelines.

11. The Mayor however, <u>does</u> allow churches to hold events outdoors, within the City's limits, with up to 200 people.  The Mayor also allows outdoor public protests of up to 200 within the City limits of San Francisco.  However, the Mayor and the Governor will not allow outdoor gatherings of more than 3 family units.

12. Plaintiffs SFIAF and EMERUWA will suffer irrevocably if they cannot hold this positive event involving numerous artists and a unique program that it cannot replicate.  Pre-paid ticket holders will also lose out.

13. Defendants acted collectively to violate Plaintiffs rights to freedom of expression and to discriminate against them, but not other, less constitutionally-protected outdoor gatherings, without justification.

14. Defendants acts proximately caused Plaintiffs damages and injuries, including but not limited to the loss of the unique opportunity to present an arts performance to citizens

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF    3
NO.
SFIAF ET AL. V. BREED ET AL.

eager to find relief during this pandemic, lost reputation and lost opportunities for SFIAF and its contracted artists to engage in their occupations and passions.

First Cause of Action
Violations of First Amendment Rights to the US Constitution
(Right to Freedom of Expression)
(42 U.S.C. Section 1983 – All Defendants)

15. Plaintiffs incorporate by reference the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

16. Defendants undertook all of the actions alleged in this Complaint while acting under color of law. These acts will have the effect of depriving Plaintiffs of rights secured by the Constitution of the laws of the United States, specifically the Free Exercise Clause of the First Amendment to the United States Constitution.

17. The actions caused the damages alleged in this Complaint.

Second Cause of Action
Violations of the Fourteenth Amendment to the US Constitution
(Equal Protection)
(42 U.S.C. Section 1983 – All Defendants)

18. Plaintiffs hereby incorporate by reference each of the allegations set forth in the preceding paragraphs as if re-alleged fully herein.

19. Plaintiffs were and are all exercising a fundamental right, which Defendants discriminated against, by allowing others with less rights to engage in outdoor activities without severe restrictions on artists and attendees.

20. Defendants deprived Plaintiffs of their rights while acting under color of law. Their actions had the effect of depriving Plaintiffs of their rights secured by the Constitution of the United States, specifically the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
NO.
SFIAF ET AL. V. BREED ET AL.

4

21. These actions caused the damages to Plaintiffs.

## IV. RELIEF REQUESTED

22. Plaintiffs seek an order from this Court requiring the City of San Francisco to issue a public health variance to the Plaintiff SFIAF and allowing it to hold the scheduled event.

23. Plaintiffs also seek an order declaring unconstitutional the Mayor's and Governor's guidelines for outdoor gatherings.

24. For Attorney's fees and costs pursuant to 42 U.S.C. section 1988.

25. For such other relief as the Court deems necessary.

## V. CERTIFICATION AND CLOSING

By signing, I certify, pursuant to FRCP, Rule 11, that to the best of my knowledge, information and belief, that this complaint: 1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; 2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; 3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and 4) the complaint otherwise complies with the requirement of Rule 11.

DATED: October 18, 2020                THE LAW OFFICES OF MATTHEW KUMIN

                                                  /s/ Matthew Kumin
                                            Matthew Kumin
                                            1939 Harrison Street
                                            Suite 307
                                            Oakland, CA  94612
                                            (415) 655-7494